STATE v. MARION (BUDDY) HOOKS.

(Filed 1 November, 1967.)

Appeal by defendant from *Gwyn, J.,* March 13, 1967 Mixed Session of Davidson.

Defendant was arrested on a warrant issued October 14, 1966, by the Davidson County Court, charging the felony of assault with intent to commit rape. In said Davidson County Court, probable cause was found; and defendant was bound over to the next session of Davidson Superior Court. At November 14, 1966 Mixed Session of Davidson Superior Court, the grand jury returned as a true bill an indictment charging that defendant on October 14, 1966, "unlawfully, wilfully, and feloniously did assault one Vera Macemore, a female, with intent, her the said Vera Macemore, unlawfully, feloniously, by force and against her will to ravish and carnally know Vera Macemore," etc., being the felony charged in said warrant.

On November 16, 1966, the court, based on defendant's affidavit of indigency, appointed Walter F. Brinkley, Jr., Esq., a member of the Davidson County Bar, to represent defendant. On December 10, 1966, defendant was committed to the Dorothea Dix Hospital at Raleigh for a period of sixty days' observation and examination pursuant to the provisions of G.S. 122-91. On or about February 2, 1967, the Hospital physicians reported that defendant was "Without Psychosis (Not Insane)"; that he was able to plead to the bill of indictment and understood the charges against him; and that he knew the difference between right and wrong.

Upon arraignment on said indictment at March 13, 1967 Mixed Session of Davidson Superior Court, defendant, a male person twenty-eight years of age, through his said counsel, tendered a plea of guilty to an included crime of less degree, namely, assault on a female, a misdemeanor, which plea was accepted by the State.

The court, after hearing the testimony of Mrs. Macemore and of defendant and after consideration of the report of said Hospital physicians, pronounced judgment as follows:

"Let the defendant be confined in the common jail of Davidson County for a term of two (2) years to be assigned to work under the supervision of the State Prison Department. It is requested as a part of this judgment the defendant be given such examination and treatment and care as he is physically nervous *(sic)* and has an emotional condition. *(sic)* This treatment is to be given while he is in prison."

Defendant excepted and appealed.

STATE *v.* WITHERSPOON.

*Attorney General Bruton and Assistant Attorney General Rich for the State.*

*Walser, Brinkley, Walser & McGirt for defendant appellant.*

PER CURIAM. Although defendant's court-appointed counsel has perfected his appeal in compliance with defendant's wishes, the record does not show error prejudicial to defendant or of sufficient substance to warrant particular discussion. The impression prevails that the State's acceptance of the misdemeanor plea should be attributed to the efforts of defendant's able and conscientious counsel in bringing to the court all circumstances tending to explain in some measure defendant's anti-social behavior. Hence, the judgment of the court below is affirmed.

Affirmed.